**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MARK ISAACS**,

      Petitioner,

v.

                                     **Civ. 11-1029 WJ/WDS**

**USCIS**,

      Respondent.

### MEMORANDUM OPINION AND ORDER DENYING PETITION

      This matter comes before the Court on pro se Petitioner Mark Isaacs' *Emergency Mandamus Motion to Compel USCIS to Complete the N400 Application Process by Interviewing the Plaintiff and to Issue a Written Determination, and to Issue an Injunction Baring [sic] ICE form [sic] Conducting a Deportation Hearing until USCIS has Complete [sic] the Process*, filed November 21, 2011 [Doc. 1].  The Court will deny the petition.

      Isaacs' petition is factually extremely sketchy, but the Court has taken judicial notice of other related proceedings within the federal courts so that it may fully inform itself about the nature of the relief Isaacs requests.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

      Isaacs, a native of Guyana, immigrated to the United States in 1979 at the age of 18.  *See United States v. Isaacs*, No. 06cr186, Doc. 132 at 5 (Isaacs' *Position Paper as to Sentencing Factors*, filed July 9, 2008) (N. Dist. Ill., E. Div.).  He served four years in the United States army and then spent three years in the Army Reserves.  *See id.*  In April 2008, Isaacs was convicted of having committed an aggravated felony  under 8 U.S.C. § 1101(43)(M)(i) - fraud in violation of 18

U.S.C. § 1029(a)(2) involving a loss of more than $500,000 – for which he was sentenced to 40 months imprisonment.  *See id.* Doc. 113.  His conviction was upheld on appeal, *see United States v. Isaacs*, 593 F.3d 517 (7th Cir. 2010).  In 2009, while still imprisoned, Isaacs filed an application for naturalization, and received a letter from the United States Citizenship and Immigration Services setting an appointment for an interview for January 4, 2010.  *See* Doc. 1 at 1-2.  Isaacs notified the USCIS that he would be incarcerated until October 2011.  *See id.*  Because an alien who is convicted of an aggravated felony is subject to mandatory removal, *see* 8 U.S.C. § 1227 (a)(2)(A)(iii), upon his release from prison, Isaacs was turned over to Immigration and Customs Enforcement ("ICE"), and deportation proceedings were scheduled for November 22, 2011.  *See* Doc. 1 at 2.

Isaacs seeks an order mandating a personal interview and prohibiting his deportation, contending that, because the USCIS has not yet interviewed him regarding his application for naturalization, ICE cannot deport him because Isaacs does not yet know whether he will be naturalized.  Once convicted of an aggravated felony, however, Isaacs was no longer eligible for naturalization under any statute of which the Court is aware.  *See* 8 U.S.C. § 1427(a) (requiring alien applying for naturalization to prove that he "has been and still is a person of good moral character,"); 8 U.S.C. 1101(f)(8) (providing that "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of this section)").

Isaacs has failed to allege sufficient facts to demonstrate his entitlement to an order requiring the Attorney General, the USCIS or the ICE to perform, or to refrain from performing, any act. Although this Court generally has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the

2

plaintiff," 28 U.S.C. § 1361, this section "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (internal quotation marks omitted). "The importance of the term 'nondiscretionary' cannot be overstated. . . . [T]o the extent a statute vests discretion in a public official, his exercise of that discretion should not be controlled by the judiciary." *Id*. at 479 (internal quotation marks omitted).

The Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a).  But, by statute, the Attorney General may *not* naturalize an alien "against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceedings pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."  8 U.S.C. § 1429.

When conducting investigations regarding naturalization, "[t]he Attorney General may, in his discretion, waive a personal investigation in an individual case or in such cases or classes of cases as may be designated by him." 8 U.S.C. § 1446(a).  Isaacs has presented nothing to show that the Attorney General *must* conduct a personal naturalization interview after the Attorney General becomes aware that an applicant has been convicted of an aggravated felony that disqualifies him for naturalization and mandates his removal.

And Isaacs also points to no statute that gives this Court authority to interfere in deportation proceedings.  Indeed, the immigration statutes expressly provide,

> [e]xcept as provided in this section and notwithstanding any other provision of law
> (statutory or nonstatutory), including section 2241 of title 28, United States Code,
> or any other habeas corpus provision, ... no court shall have jurisdiction to hear any

cause or claim by or on behalf of any alien arising from the decision or action by the
Attorney General to commence proceedings, adjudicate cases, or execute removal
orders against any alien under this chapter.

8 U.S.C. § 1252(g).  Because Isaacs has failed to demonstrate entitlement to mandamus or injunctive

relief, the Court will deny his petition.

**IT IS ORDERED** that Isaac's emergency petition for a writ of mandamus or injunction is

DENIED.

_____
**UNITED STATES DISTRICT JUDGE**